UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at ASHLAND

| | |
|---|---|
| CORY BROWN, ) | |
| ) | |
| Petitioner, ) | Civil No. 0: 15-71-HRW |
| ) | |
| V. ) | |
| ) | |
| JODIE SNYDER-NORRIS, Warden, ) | **MEMORANDUM OPINION** |
| ) | **AND ORDER** |
| Respondent. ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Inmate Cory Brown is confined at the Federal Correctional Institution in Ashland, Kentucky. Proceeding without counsel, Brown has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [D. E. No. 1]

On January 23, 2006, Brown was sentenced to a 84-month term of imprisonment for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g). The judgment stated that the $2,000.00 fine imposed was "due immediately." *United States v. Brown*, No. 3:05-CR-168-1 (S.D.W.Va. 2005).

In his petition, Brown contends that the Bureau of Prisons ("BOP") has "coerced" him into participating in the Inmate Financial Responsibility Plan ("IFRP") by threatening him with "sanctions" if he does not, by which he means he will lose privileges, such as unfettered access to the commissary, preferred housing and placement in a halfway house prior to release. He also argues that the BOP

1

may not "mandate or schedule a payment plan not ordered by the court." Brown indicates that he did not file any administrative remedies regarding his claims because the BOP's actions are based upon its IFRP policy. For relief, Brown asks the Court to invalidate the IFRP agreement he signed without the loss of any privileges and to order the BOP to return funds already collected. [D. E. No. 1 at 3, 5]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Brown's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

Because Brown's claims are substantively without merit, the Court bypasses questions regarding whether certain aspects of his claims are cognizable in a habeas corpus petition filed under § 2241 and whether his admitted failure to exhaust his administrative remedies should be excused.

Brown's argument that the BOP may not "mandate or schedule a payment plan not ordered by the court" is not correct in his case. Brown argues that the trial court impermissibly delegated to the BOP its duty to establish a repayment schedule. [D. E. No. 1-1] Apart from the fact that this argument constitutes a direct attack upon the validity of his sentence (rather than merely the BOP's implementation of it), the cases he cites in favor of this proposition, *Ward v. Chavez*, 678 F. 3d 1042 (9th Cir. 2012) and *United States v. Davis*, 306 F. 3d 398 (6th Cir. 2002), do not support his claim. Both *Ward* and *Davis* held that a trial court cannot delegate its obligation to create a repayment schedule for restitution obligations subject to the Mandatory Victims Restitution Act of 1996 ("MVRA"), 18 U.S.C. §§ 3663A-3664. The MVRA specifically requires the trial court to "specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid ..." 18 U.S.C. § 3664(f)(1)(B)(2).

Here, Brown's judgment did not require the payment of *restitution* at all - instead, he was ordered to pay a $2,000.00 *fine*. The MVRA therefore does not apply. *Vondette v. Ives*, No. CV13-7351-DSF(VBK), 2014 WL 657877, at *6-9 (C.D. Cal. Feb. 18, 2014) (denying habeas relief in challenge to IFRP because "[i]t is settled that a sentencing court is not required to set a payment schedule for fines.") (citing *Montano–Figueroa v. Crabtree*, 162 F.3d 548, 549-50 (9th Cir. 1998)). In addition, by its terms, the MVRA only applies when the defendant is

3

convicted of a crime of violence, an offense against property, or an offense related to tampering with consumer products. 18 U.S.C. § 3663A(c)(1); *United States v. Vandeberg*, 201 F.3d 805, 812 (6th Cir. 2000). Brown was convicted of being a felon in possession of a firearm, an offense to which the MVRA does not apply. Cf. *United States v. Doering*, 759 F. 3d 862, 864-66 (8th Cir. 2014); *United States v. Davis*, 714 F. 3d 809, 813 n. 1 (4th Cir. 2013). Cases not subject to the mandatory language found in the MVRA are governed by the Sixth Circuit's decision in *Weinberger v. United States*, 268 F.3d 346 (6th Cir. 2001), which holds that a trial court does not "impermissibly delegate a core judicial function" when it orders a defendant (in that case also convicted of tax evasion) to pay restitution that was *due* "immediately" but which could be paid accordingly to a schedule established by the BOP under the IFRP. *Id.* at 359-61; *see also United States v. Mosher*, 493 F. App'x 672 (6th Cir. 2012); *United States v. Logins*, 503 F. App'x 345 (6th Cir. 2012) (noting that under *Weinberger*, "the district court could delegate the scheduling of restitution payments so long as the court set the amount of restitution to be paid.") Under *Weinberger*, the BOP's application of the IFRP to court-ordered restitution in non-MVRA offenses is proper.

Nor is there any merit to Brown's assertion that the BOP "coerced" him into signing an IFRP agreement by threatening to withhold certain privileges if he did not. Cf. *United States v. Lemoine*, 546 F.3d 1042, 1050 (9th Cir. 2008) (holding

4

that federal inmate is not "forced" to participate in IFRP merely because his failure to do so will result in the loss of certain privileges). While an inmate will lose certain privileges and become ineligible for certain benefits if he or she does not participate in the IFRP, 28 C.F.R. § 545.11; BOP Program Statement 5380.08 (2005), the program remains voluntary rather than mandatory because the BOP cannot compel participation. *United States v. Boyd*, 608 F.3d 331, 334 (7th Cir. 2010).

Accordingly, **IT IS ORDERED** that:

1. Petitioner Cory Brown's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [D. E. No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. Judgment shall be entered contemporaneously with this Memorandum Opinion and Order.

This 27th day of April, 2016.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge